[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. INTRODUCTION and DECREE
In this action for a limited contested dissolution of marriage, the court, having heard the parties, finds that the plaintiff, whose maiden name was Toni Ketterer, and the defendant were married on August 18, 1979, in New York City; that they both have resided continuously in this state for more than a year before the action was commenced; and that there is one minor child born of the marriage of January 6, 1988, to wit, a son Kristofer.
The court further finds as a result of the evidence presented at trial that the marriage has broken down irretrievably and therefore that a decree dissolving this marriage. should and hereby does enter.
II. BACKGROUND OF THE PARTIES CT Page 2784
A. Personal
The plaintiff at the time of trial was 33 years of age and the defendant was 40. It was the first marriage for both parties. Both are in generally good health except that the plaintiff testified that she suffers occasionally from an ulcer condition and migraine headaches, both of which, according to the plaintiff, are stress related.
Mrs. Frey, who has a bachelor of science degree in graphic arts and has credits toward an MBA degree, currently works part time as a freelance commercial artist roughly three days a week, at a rate of $30 an hour, and gross's approximately $750 a month at this time, and a little more, up to $900 a month, over the course of previous years, although her expenses (rent, automobile, supplies) amount to approximately one-third of her current gross income. Except for this part time work Mrs. Frey has stayed at home since Kristofer's birth and devoted herself to homemaking activities and is the primary caretaker for the child. Prior to Kristofer's birth, Mrs. Frey worked full time in the same field.
Mr. Frey is a regional marketing manager for a company involved with business forms and label bar codings and grosses approximately $50,000 a year. With bonus and commissions Mr. Frey nets about $3000 a month after various withholdings including taxes.
B. Assets
The main asset of the parties is a single family residence at 70 Valleywood Road, Cos Cob, title to which is in Mrs. Frey's name alone. This home was purchased in 1988 for $155,000. Mrs. Frey's mother, Mary Ketterer, loaned the plaintiff $80,000 towards the purchase of this property, and the plaintiff signed a promissory note in this amount, payable over the course of thirty years, in varying monthly amounts because interest is based on the prime rate is existence from time to time. The note is secured by a mortgage from the plaintiff to Mrs. Ketterer. The balance of the purchase price came from a gift from Mrs. Frey's mother and some $15,000 that the parties received as wedding gifts. The defendant paid approximately $4,000 for closing costs.
The property is now worth approximately $430,000 less the mortgage to the plaintiff's mother. Mr. Frey made all the mortgage payments to Mrs. Ketterer, about $900 a month, and has thus paid the plaintiff's mother approximately $65,000 to date. CT Page 2785
In addition, Mrs. Frey, according to her financial affidavit, has some $45,000 in investments, which is the balance of a gift in 1989 from her mother of $100,000, $40,000 of which was used to pay off various debts of both parties.
III. ORDERS
Based on the above recited evidence, and having considered all the statutory criteria contained in General Statutes 46b-56 and 46b-84 relating to child support,46b-82 relating to periodic alimony, and 46b-81 pertaining to property assignment, the following orders are hereby entered:
A. The parties shall have joint legal custody of the minor child Kristofer, but the child will reside with his mother who is given physical custody. General Statutes46b-56a. The defendant shall be entitled to visitation as the parties agreed after their consultation with the Family Services unit of this court as follows: the minor child will visit the defendant alternate weekends, beginning Friday after day-care until Monday morning; the child will have two weekday visits with the defendant beginning after day-care until seven-thirty p.m.; Thanksgiving 1990 will be spent with the plaintiff, and alternately thereafter, and Christmas will be spent with both parents as will Kristofer's birthday, the details of which will be worked out by the parties; and the defendant will provide transportation for the minor child on the occasions of visits with him. This order is subject to modification by agreement of the parties or further order of the court. If the plaintiff desires to move from this state, she shall give the defendant a minimum of sixty days' written notice before the date of moving.
B. The defendant is ordered to pay the plaintiff periodic unallocated alimony and child support in the amount of $1200 a month, on the fifteenth of each month commencing November 15, 1990, until May 15, 1993, unless the plaintiff dies, remarries or cohabits with a person of the opposite sex within the meaning and scope of General Statutes 46b-86(b), whichever event shall first occur. Thereafter, the defendant shall pay the plaintiff $1.00 (One Dollar) per year as alimony until her death, remarriage or cohabitation, as defined by statute. In addition, commencing on May 15, 1993, or earlier as referred to previously, the defendant shall pay the plaintiff $700 a month as and for child support until said child dies, becomes emancipated, or CT Page 2786 attains the age of eighteen years, whichever shall first occur. An immediate withholding order hereby issues pursuant to Public Act 89-302.
C. The plaintiff shall be entitled to exclusive possession of the premises at 70 Valleywood Road, Cos Cob, title to which shall remain in the name of Mrs. Frey and she shall be solely responsible for the payment of all expenses attributable thereto including mortgages, taxes, insurance, and maintenance, and the defendant shall have no liability or responsibility with respect thereto.
In addition to the credit for $4,000 that the defendant paid for closing costs, he is also given credit for his share, $7,500, of the wedding gifts that was used as part of the purchase price, and $4,000 that he expended for repairs on these premises, plus an additional $25,000 in consideration of his payment of the mortgage and various expenses for repairs. This sum of $40,500 is to be paid by the plaintiff to the defendant three years from date without interest, but if unpaid on that date interest will begin to run at the statutory rate. A dollar for dollar credit is not being given Mr. Frey for his mortgage payments to Mrs. Ketterer as he would have been obliged to pay a substantial amount of money for other accommodations had Mrs. Frey's mother not loaned the money to purchase the home. There is currently a lis pendens filed in the Greenwich Land Records relating to these premises, and this is to be removed.
D. The parties have heretofore divided or will in the future divide their personal property by mutual agreement.
E. The defendant shall provide and maintain medical insurance coverage for the benefit of the plaintiff for so long as he is obliged to pay alimony. Any unreimbursed medical expense shall be the sole responsibility of the plaintiff. The defendant shall provide and maintain medical insurance coverage for the benefit of his son for so long as he is obliged to support said child. The defendant shall be responsible for 50% of all unreimbursed medical and dental expenses for the child. The parties will consult with each other before incurring such expenses. All provisions of General Statutes 46b-84(c) regarding health insurance coverage are incorporated herein by reference.
F. The defendant shall provide and maintain his current life insurance in the amount of $175,000 with the plaintiff and their child named as irrevocable beneficiaries thereon, for so long as he has an alimony obligation. Thereafter, the defendant shall provide and maintain life insurance in CT Page 2787 this same amount for the benefit of the child for so long as he is obliged to provide child support.
G. Each party shall be responsible for the liabilities as shown on his or her current financial affidavit, to the extent that they are not otherwise covered in this decision.
H. Based on the criteria of General Statutes 46b-62
and 46b-82, each party is responsible for his or her own attorney's fees.
IV. STATUTORY CRITERIA FOR ORDERS
We have already referred to several of the statutory criteria, (e.g., age, health, station, occupation, length of marriage) set forth in General Statutes 46b-84, 46b-82, and 46b-81 (c), and now two other standards referred to in said statutes will be discussed. It should be noted that we have not attributed overriding effect to any one particular criterion, but rather have considered all of them in entering the above orders.
A. Cause of the Marital Breakup
The defendant indicates that he wishes to remain married to Mrs. Frey but the plaintiff testified that the marriage has irrevocably broken down, because of lack of communication and Mr. Frey's spending too much time racing stock cars on weekends.
I have concluded that neither party to this marital breakup is completely blameless, but rather that the parties are simply incompatible at this point. In any event, I do not assign "fault" to either party.
B. Needs and Liabilities
Our order reflects the fact that we believe Mrs. Frey for the next several years deserves periodic alimony, but that by the expiration of approximately two and one-half years from this date as Kristofer enters school full time her vocational skills will ensure that she can earn money sufficient to support herself.
So Ordered.
Dated at Stamford, Connecticut this 26 day of October 1990.
WILLIAM B. LEWIS, JUDGE CT Page 2788